UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAVID SAMUEL MARTÍNEZ-VÉLEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 02-2515 (JAF)

(Crim. No. 95-029)

**O R D E R**

Petitioner, David Samuel Martínez-Vélez, requests a certificate of appealability ("COA") from this court. (Docket No. 75.) On July 21, 2006, we issued an Opinion and Order dismissing Petitioner's petition under 28 U.S.C. § 2255. (Docket No. 60.) On June 29, 2009, Petitioner filed a motion to set aside our order under Federal Rule of Civil Procedure 60(b)(4) (Docket No. 70), which we denied on July 8, 2009 (Docket No. 71). On July 17, 2009, Petitioner moved for reconsideration of our denial. (Docket No. 72.) After we denied that motion on July 23, 2009 (Docket No. 73), Petitioner filed the instant motion on August 13, 2009 (Docket No. 75), and the United States opposed on August 19, 2009 (Docket No. 78).

To appeal a final order of the district court in § 2255 proceedings, a petitioner must first obtain a COA, 28 U.S.C. § 2253(c)(1)(B), which may issue from the district court, Grant-Chase v. Commissioner, 145 F.3d 431, 435 (1st Cir. 1998). We may grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must

Civil No. 02-2515 (JAF)                                                     -2-

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

In essence, Petitioner argues that, in denying both his motion to vacate our judgment and his motion for reconsideration (Docket Nos. 70, 72), we denied him due process by failing to address a claim that had been constructively pleaded into the case. (Docket No. 75.) "'[C]onsent to the trial of an issue may be implied if, during the trial, a party acquiesces to the introduction of evidence which is relevant only to that issue.'" Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995) (quoting DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 917 (1st Cir. 1992)).

Petitioner refers to a statement by Margaret López, a witness in the principal criminal trial, introduced by his counsel during an evidentiary hearing on April 24, 2006. (Docket No. 75.) Petitioner contends that counsel had submitted this evidence to prove that the United States had breached its duty under Brady v. Maryland, 373 U.S. 83 (1963), to disclose exculpatory evidence. (Id.) As the United States did not object to the admission of this evidence, Petitioner insists that the United States had impliedly consented to litigation of his Brady claim. (Id.)

A review of the record, however, shows that Petitioner's counsel introduced the statement at the hearing for the purpose of examining López' credibility as a witness. (See Docket Nos. 55, 57, 60.) This assessment guided our inquiry into the effectiveness of Petitioner's

counsel at trial. (See Docket No. 60.) As Petitioner has not shown that López' testimony was introduced solely for the purpose of supporting a Brady violation, there is no reason to retroactively amend the pleadings under Federal Rule of Civil Procedure 15(b)(2) to add this claim. See Doral, 57 F.3d at 1172.

Because Petitioner's § 2255 petition did not include a Brady claim (Docket Nos. 1, 69), we needed not consider this issue in our Opinion and Order. Thus, Petitioner has not demonstrated his entitlement to extraordinary relief under Rule 60(b)(4). See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990) ("A judgment is void . . . only if . . . the court's action amounts to a plain usurpation of power constituting a violation of due process."). We, therefore, find that no reasonable jurist could disagree with our denial of Petitioner's motion under Rule 60(b)(4). See Miller-El, 537 U.S. at 338.

Accordingly, we hereby **DENY** Petitioner's request for a certificate of appealability under 28 U.S.C. § 2253 (Docket No. 75).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of August, 2009.

                                      S/José Antonio Fusté
                                      JOSE ANTONIO FUSTE
                                      Chief U.S. District Judge