UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAVID SAMUEL MARTINEZ-VELEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 02-2515 (JAF)

(Crim. No. 95-029)

**O R D E R**

On October 8, 2002, Petitioner requested relief under 28 U.S.C. § 2255. (Docket No. 1.) We summarily denied that petition on October 29, 2004. (Docket No. 9.) On appeal, the First Circuit remanded for the limited purpose of considering more fully Petitioner's ineffective assistance of counsel claim. (Docket No. 18.) We again denied the claim on July 21, 2006 (Docket No. 60), and the First Circuit denied Petitioner's request to appeal that denial (Docket No. 69). We denied Petitioner's subsequent motion to set aside judgment (Docket No. 71) and motion for reconsideration of that denial (Docket No. 73). The First Circuit denied Petitioner's request to appeal same. (Docket No. 83.)

Petitioner now moves under Federal Rule of Civil Procedure 60(b) for relief from our order denying his ineffective assistance of counsel claim (Docket No. 60). (Docket No. 85.) Respondent opposes (Docket No. 90), and Petitioner replies (Docket No. 91) and submits an additional exhibit in support of his motion (Docket No. 92).

Civil No. 02-2515 (JAF)                                                                                          -2-

Because Petitioner appears pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Rule 60(b) allows relief from a final judgment for specific enumerated reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions under Rule 60(b)(6) must be brought within a reasonable time after entry of judgment. Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). "What is 'reasonable' depends on the circumstances." Id. In Cotto, the First Circuit found a sixteen-month delay in filing a Rule 60(b)(6) motion "overlong in virtually any event." Id. The court also noted prior holdings by the Seventh and Fourth Circuits that, respectively, six and four months were "unreasonably dilatory." Id. (citing Planet Corp. v. Sullivan, 702 F.2d 123, 126 (7th Cir. 1983); Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 (4th Cir. 1974)).

In the instant case, Petitioner requests reconsideration of an order entered on July 21, 2006 (Docket No. 60). (Docket No 85.) Petitioner did not file the instant motion for reconsideration until June 28, 2010 (Docket No. 85), nearly four years after entry of judgment. To explain this considerable delay, Petitioner argues that (1) his habeas counsel kept his legal documents for two years following the representation; (2) he could not access a law library; and (3) his pro-se status kept him from understanding relevant procedural law. (Id. at 5–6.)

Civil No. 02-2515 (JAF) -3-

In reviewing this explanation, we note that Petitioner was able to file another motion challenging the same judgment he now challenges, but in July 2009. (Docket No. 70.) The excuse for his delay, then, must rest on his contention that his pro-se status kept him from making a meritorious legal argument in July 2009. But Petitioner cannot rely on his pro-se status to excuse errors in his legal arguments. See Ahmed, 118 F.3d at 890. As we are unmoved by Petitioner's explanations for his delay, we find that his four-year delay in filing the instant motion was unreasonable. See Cotto, 993 F.2d at 280.

In view of the foregoing, we hereby **DENY** Petitioner's motion for relief under Rule 60(b)(6) (Docket No. 85).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 27th day of September, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge