THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID SAMUEL MARTÍNEZ-VELEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA

    Respondent

Civil No. 02-2515 (ADC)

**OPINION AND ORDER**

The instant case stems from the indictment and subsequent conviction of petitioner David Samuel Martínez-Vélez ("petitioner") in five criminal counts relating to drug distribution conspiracy and two murders. *See* **95-0029-ADC, ECF No. 2359**; *United States v. Collazo-Aponte*, 216 F.3d 163 (2000).[1] On July 9, 1998, petitioner was sentenced to life imprisonment. *See* **95-0029-ADC, ECF No. 2359.** Petitioner appealed, and the First Circuit affirmed the convictions and petitioner's sentence. *Collazo-Aponte*, 216 F.3d 163. On October 8, 2003, petitioner filed a habeas petition with this Court through court appointed counsel. Petitioner challenged trial court legal representation arguing ineffective assistance of trial counsel and proffering that there was no evidence establishing he was part of the conspiracy or participated in the murders. **ECF Nos. 1,**

---

[1] The detailed facts of the case have been laid out by both the First Circuit Court of Appeals and this Court's opinions denying petitioner's appeal of his criminal convictions and habeas corpus petitions, respectively. *See* **ECF No. 60**; *Collazo-Aponte*, 216 F.3d at 174-189.

**9** at 7.[2] Petitioner also sets forth arguments under *Apprendi* and *Giglio*. *Id.* The Court summarily denied petitioner's habeas petition. **ECF Nos. 9, 10**. On appeal, the First Circuit remanded, solely for the resolution of the ineffective assistance of counsel claims. **ECF Nos. 18, 19.** On remand, petitioner filed a motion in support of his habeas petition. **ECF Nos. 22, 23**. After two evidentiary hearings, on July 21, 2006, this Court denied petitioner's ineffective assistance of counsel claims and entered judgment dismissing the case. **ECF Nos. 31, 57, 60**.[3] The First Circuit denied petitioner's request to appeal the dismissal of the habeas petition. **ECF No. 69**.

Over three years later, on June 29, 2009, petitioner filed a motion pursuant to Fed. R. Civ. P. 60 (b)(4) seeking to set aside the July 21, 2006 judgment, alleging that this Court had failed to rule on all the claims asserted in his habeas petition. **ECF No. 70**. Specifically, petitioner argued that the Court did not address the *Brady* claim raised by his counsel during the evidentiary hearing. **ECF No. 70** at 4-6. Petitioner's Rule 60(b)(4) motion was denied, as well as his request for reconsideration. **ECF Nos. 71, 72, 73**.[4] The First Circuit denied petitioner's request to appeal noting that the *Brady* claim was not raised during the evidentiary hearing and even so, such argument should have been raised on direct appeal from the district court's dismissal of the habeas petition. **ECF No. 83**.

---

[2] The case was originally assigned to then District Judge José A. Fusté. In view of his retirement, on February 15, 2017 the case was randomly reassigned to the undersigned's docket.
[3] This Court also denied petitioner's request for a certificate of appealability. **ECF Nos. 64, 66.**
[4] This Court also denied petitioner's request for a certificate of appealability. **ECF Nos. 75, 79**.

On June 28, 2010, petitioner filed yet another motion for relief seeking to set aside the July 21, 2006judgment, this time pursuant to Rule 60(b)(6). In so doing, petitioner argued "defect in the integrity of [his] initial habeas proceedings …where court-appointed habeas counsel incurred in 'gross inexcusable negligent' representation,'" and urging that the motion not be construed as a second or successive habeas petition. **ECF No. 85** at 1-2. The government opposed, noting that there is no constitutional right to counsel at a post-conviction proceeding. **ECF No. 90**. On September 27, 2010, this Court denied petitioner's motion under Rule 60 (b)(6) since it was filed nearly four years after entry of judgment and petitioner failed to excuse such excessive delay. **ECF No. 93**. Petitioner's request for reconsideration was denied. **ECF Nos. 95, 99**.[5]

On February 16, 2012, the First Circuit denied petitioner's request to appeal from the district court's denial of the Rule 60(b)(6) motion and his motion for reconsideration. **ECF No. 112**. In so doing, the First Circuit highlighted that petitioner's Rule 60(b)(6) motion was essentially a second or successive habeas petition, and determined that the evidence submitted would not be sufficient to establish "by clear and convincing evidence that no factfinder would have found the movant guilty of the offense." **ECF No. 112** at 2.[6]

---

[5] This Court also denied petitioner's request for a certificate of appealability. **ECF Nos. 106, 107.**

[6] On October 24, 2013, the First Circuit also denied petitioner's "Motion to recall the Mandate or in the Alternative to File a Second or Successive 28 U.S.C. §2255 (motion)," seeking to set aside the appellate court's February 16, 2012 Judgment. **ECF No. 114**.

On December 27, 2013, petitioner filed a motion to reopen the case, which was denied by the Court noting that "a certificate of appealability was denied by the Court of appeals…[t]his Court will not re-open the Section 2255 petition." **ECF Nos. 115, 116**. Petitioner's request for reconsideration was denied. **ECF No. 117, 118**.[7] The First Circuit also denied petitioner's request for leave to appeal from the district court's latest denial. **ECF No. 124**. The appeals court further noted that petitioner was essentially seeking reconsideration of its October 22, 2013 Judgment, despite the denial of his petition for *certiorari* by the United States Supreme Court regarding this matter. *Id*.

Over two years after the appellate court's last denial of petitioner's requests and almost eleven years after the entry of the July 21, 2006 Judgment, petitioner filed the instant motion pursuant to Rule 60(b)(6) and (d)(1), alleging once again that his trial, appellate and habeas counsel had provided ineffective assistance. **ECF No. 128**. He further contends that he has made a showing of actual innocence pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Id*. The government moved for dismissal and petitioner opposed. **ECF Nos. 139, 146**.

Based on a careful review of the record, the government's motion to dismiss (**ECF No. 139**) is **GRANTED** and petitioner's motion (**ECF No. 128**) is **DENIED**.

An analysis of the extensive case docket exposes petitioner's numerous pleadings, all reasserting matters already ruled on by the Court as well as the First Circuit. At the outset, the

---

[7] This Court also denied petitioner's request for a certificate of appealability. **ECF Nos. 119, 121.**

Court notes that this is petitioner's third Rule 60(b) motion seeking to set aside the July 21, 2006 Judgment. Even if considered a Rule 60(b) motion, it is irremediably untimely.

Petitioner's motion was filed almost 11 years after the July 21, 2006 Judgment denying his habeas petition for ineffective assistance of counsel, which was duly affirmed by the First Circuit. **ECF Nos. 60, 69**. Furthermore, it was filed over six years after this Court's denial of a previous Rule 60(b)(6) motion impugning habeas counsel's assistance. **ECF Nos. 85, 93, 99, 112**. Indeed, on February 16, 2012, the First Circuit affirmed this Court's denial of petitioner's prior Rule 60(b)(6) motion and his motion to reconsider, finding it was not filed within a reasonable time, *i.e.* nearly four years after the entry of judgment. *See* **ECF Nos. 93, 112**. A similar reasoning applies here.

Even more, the appellate court found that since petitioner's prior Rule 60(b) motion sought to set aside his purportedly "constitutionally infirm" conviction, his claim constituted a second or successive habeas petition based on arguments already rejected by the district court while ruling on petitioner's previous 2255 motion and when denying issuance of a certificate of appealability. **ECF No. 112**. Undeterred, petitioner filed a motion to recall the First Circuit's mandate or in the alternative, to file a second or successive petition once again alleging ineffective assistance of counsel. *See* **ECF No. 114**. Via its October 22, 2013 Judgment, the First Circuit denied petitioner's request for a certificate of appealability. *Id*. In doing so, the appeals court expressly rejected the applicability of *Martínez v. Ryan* and *Maples v. Thomas* to petitioner's claims of ineffective assistance of counsel. *See* **ECF No. 114**. Likewise, the appellate court noted

that such cases did not establish a new rule of constitutional law made retroactive to cases on collateral review and petitioner had not included new evidence under § 2255(h)(1).

Ignoring the First Circuit's express denials of all certificates of appealability as well as the denial of his request for leave to file a successive or second 2255 petition on these grounds, petitioner files yet another motion under the guise of Rule 60(b)(6) seeking to set aside his conviction, under claims of "actual innocence," ineffective assistance of trial appellate and habeas counsel and arguing the applicability of *Martínez*.

A cursory review of petitioner's motion reveals another attempt to obtain collateral relief under section 2255. The law is clear, however, that "[a] federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2012) (citing 28 U.S.C. § 2244(b)(3)(A)). Moreover, "[s]uch authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)." *Id*.

The First Circuit Court of Appeals has held that section 2244(b)(3)(A) strips "the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). Thus, "when faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id.* at 98.

As the government points out, petitioner did not seek authorization from the First Circuit to file a second or successive habeas petition. Therefore, this Court lacks jurisdiction over petitioner's instant motion. In addition, petitioner's latest pleadings at **ECF Nos. 128** and **146** fail to set forth any new and valid entitlement to relief. Specifically, petitioner fails to show that there is newly discovered evidence that establishes his innocence, or a new rule of constitutional law made retroactive on collateral review which warrants such authorization. His latest petition rehashes previously rejected arguments regarding trial counsel's failure to investigate a witness and relies on Supreme Court case law that the First Circuit has already held is inapposite to his case. *See Martínez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) (holding "[t]his is not the case" to resolve whether an exception to the constitutional rule that there is no right to counsel in collateral proceedings exists); *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (applying the holding in *Martínez*).[8]

Thus, petitioner's request for relief at **ECF No. 128** fails on various grounds and is therefore, **DENIED**.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. §2255. To merit a COA,

---

[8] The First Circuit expressly concluded that petitioner's reliance on *Martínez* was misplaced since the case concerned narrow exceptions to the general rule that a procedural default in state court barred federal habeas review under section 2254. *See* **ECF No. 114**.

an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner filed a successive 2255 motion without leave from the First Circuit Court of Appeals and failed to establish that his petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court, the Court finds that petitioner is not entitled to a COA. Therefore, a COA is **DENIED**.

## II. Conclusion

Based on the above, the government's motion to dismiss at **ECF No. 139** is **GRANTED** and petitioner's motion at **ECF No. 128** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 2nd day of November, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**